IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TED RILEY FLOYD,**

                **Plaintiff,**

      v.                                      CASE NO.09-3023-SAC

**SHELTON RICHARDSON, et al,**

                **Defendants.**

<u>**O R D E R**</u>

      This matter is before the court on a complaint filed pro se by a prisoner incarcerated in a federal correctional facility in Texas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis in this civil action.

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee

---

     [1]*See* <u>Floyd v. Richardson</u>, Case No. 09-3016-SAC ($350.00 district court filing fee).

obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action plaintiff states he is legally blind. He seeks compensation and injunctive relief on allegations that prison officials were deliberately indifferent to his need for prescription eye wear since March 2008 when he was taken into custody. Plaintiff appears to name two defendants:[2] Shelton Richardson as Warden of the detention facility operated by the Corrections Corporation of America in Leavenworth, Kansas (CCA-LVN), and M. Travis Bragg as the Warden at the Federal Correctional Institution in La Tuna, Texas (FCI-La Tuna).

Having reviewed the record, the court dismisses Warden Bragg from the lawsuit because it is apparent this court has no personal jurisdiction over this Texas defendant. *See* Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)(court may consider personal jurisdiction and venue sua sponte when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Warden Bragg is outside the territorial reach of the District of Kansas, and plaintiff alleges no facts that would

---

[2]Plaintiff also generally refers to unnamed agents in the United States Marshal Service, but it is not clear whether plaintiff intends to name any such agent as a defendant.

suggest this court would have personal jurisdiction over this nonresident defendant through the Kansas long arm statute, K.S.A. 60-308(b).

The court further finds plaintiff's allegations about his temporary confinement at the CCA-LVN facility are too sparse to proceed. Plaintiff does not say how long he was in the CCA-LVN facility, what attempts he made while at that facility to obtain treatment or accommodation for his visual and related physical needs, or how Warden Richardson personally participated in the alleged denial of care for an obvious medical need. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)(personal involvement in the alleged constitutional violation is an essential allegation).

While a pro se plaintiff's complaint must be broadly construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the "broad reading" dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). This court is not to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). *See also* Bell Atlantic Corp. V. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007)(a complaint was subject to being dismissed as stating no claim for relief if the plaintiff had not satisfied his burden of pleading "enough facts to state a claim to relief that is plausible on its face.").

Accordingly, absent amendment of the complaint to provide a factual basis sufficient to state a plausible claim and cause of action against defendant Richardson, the court finds the complaint is subject to being dismissed as stating no claim for relief. *See*

3

28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). Plaintiff is advised that the failure to timely cure the deficiencies identified by the court may result in the complaint being dismissed without prejudice, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior outstanding fee obligation has been satisfied.

IT IS FURTHER ORDERED that defendant M. Travis Bragg is dismissed without prejudice from this lawsuit.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint to avoid dismissal of this action as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 17th day of February 2009 at Topeka, Kansas.

　　　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　　　U.S. Senior District Judge